United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                        Case No. 20-10213-mdc

James J. Aquilino                                       Chapter 13

      Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0313-2                                User: Adminstra                                   Page 1 of 2

Date Rcvd: Dec 01, 2020                          Form ID: pdf900                              Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 03, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | James J. Aquilino, 411 Eldon Drive, Broomall, PA 19008-4139 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 03, 2020                                    Signature:                 /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 1, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| JAMES RANDOLPH WOOD | on behalf of Creditor Marple Township jwood@portnoffonline.com jwood@ecf.inforuptcy.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Elizon Master Participation Trust I  U.S. Bank Trust National Association, as Owner Trustee bkgroup@kmllawgroup.com |
| ROBERT H. HOLBER | on behalf of Debtor James J. Aquilino rholber@holber.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | on behalf of Trustee WILLIAM C. MILLER  Esq. ecfemails@ph13trustee.com, philaecf@gmail.com |
| WILLIAM C. MILLER, Esq. | |

District/off: 0313-2 User: Adminstra Page 2 of 2
Date Rcvd: Dec 01, 2020 Form ID: pdf900 Total Noticed: 1

ecfemails@ph13trustee.com philaecf@gmail.com

TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James J. Aquilino <br>               Debtor | CHAPTER 13 |
| Elizon Master Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee <br>               Movant <br> vs. | NO. 20-10213 MDC |
| James J. Aquilino <br>               Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire <br>               Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $9,316.46, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2020 to November 2020 at $1,957.31/month |
| Late Charges: | $411.30 |
| Insufficient Funds Fees: | $30.00 |
| Suspense Balance: | $185.08 |
| Fees & Costs Relating to Motion: | $1,231.00 |
| **Total Post-Petition Arrears** | **$9,316.46** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a) Debtor shall make an installment payment in the amount of $4,000.00 on or before November 30, 2020.

    b) Beginning on December 1, 2020 and continuing through May 1, 2021, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $1,957.31 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$886.08 from December 2020 to April 2021 and $886.06 for May 2021** towards the arrearages on or before the last day of each month at the address below;

SN SERVICING CORPORATION<br>
ELIZON MASTER PARTICIPATION TRUST I<br>
323 5TH STREET<br>
EUREKA, CA 95501

   c) Maintenance of current monthly mortgage payments to the Movant thereafter.

 3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

 4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

 5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

 6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

 7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

 8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

 9. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 16, 2020   By: /s/ Rebecca A. Solarz, Esquire
              Attorney for Movant

Date: 11/23/20
              Robert H. Holber, Esquire
              Attorney for Debtor

Date: November 25, 2020     /s/ LeeAne O. Huggins     No Objection/Without Prejudice to Any Trustee Rights or Remedies

William C. Miller, Esquire
Chapter 13 Trustee

Date: 11-21-20

James P. Aquilino

Approved by the Court this 30th day of November, 2020. However, the court retains discretion regarding entry of any further order.

Chief U.S. Bankruptcy Judge
Magdeline D. Coleman